MODESTA CONCEPCIÓN COSME, ETC., Plaintiff and Appellant,
    *v.* RUPERTO MÁRQUEZ, ETC., Defendant and Appellee. SAME
    *v.* DEMETRIO LATONI PECUNIA, Defendant and Appellee.

Nos. 7037 and 7038. Argued February 4, 1937.—Decided May 26, 1937.

*A. Casanova Prats* for appellant. *A. Barceló, Jr.,* and *Dubón & Ochoteco* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

These appeals were heard together, and the briefs filed refer to both cases. Hence they will be considered in a single opinion herein.

From the record of appeal in case No. 7037 it appears that Modesta Concepción Cosme, as mother with *patria potestas* over her acknowledged natural children Alberto, Carmen, and Joaquín, brought an action for damages against Ruperto Márquez, as tutor of the minors Luis Vicente, Julio Alberto, and Carmen María Quiñones.

In her amended complaint she alleged, in substance, that her minor children were the owners of house at No. 49, Rafael Cordero Street, in this city of San Juan, and that on March 2, 1932, Francisco Font Manzano, as their tutor, constituted on it a mortgage in favor of the defendant minors for $8,000, with interest thereon at the rate of 10 per cent per annum and $800 for costs in case of judicial action; that on February 3, 1933, the tutor of the defendant minors, with knowledge that the minor plaintiffs were under the *patria potestas* of their natural mother, instituted a proceeding to foreclose said mortgage without making their natural mother a party defendant, directed the proceedings against the minors represented by Font "whose appointment as tutor of the children was null"; that the demand for payment was issued and served and, as the amount claimed was not paid, the tutor requested the sale of the property at public auction;

that the sale was ordered on April 3, 1933, and after being advertised, was held on May 19, 1933, the tutor of the defendant minors appearing as the sole bidder, and the house was awarded to them for $9,000 on account of their claim; that the defendant minors took possession of the property on May 25, 1933, after the minor plaintiffs had been evicted therefrom, and the former have continued in possession thereof receiving its rents; that on November 27, 1933, Modesta Cosme, on behalf of her natural children, brought a suit to annul the said foreclosure proceeding and such nullity was decreed by the court by a judgment of October 11, 1934, which was notified to the defendants on October 15, 1934, and from which they took no appeal.

The tenth and last paragraph of the complaint, literally copied, reads as follows:

"That as a result of the acts of the defendant, seeking to evict the plaintiffs from the property described in this complaint, and of all the acts mentioned in the same, the plaintiffs lost the rents of their property during the whole period from May 25, 1933, to this date, having lived since then in the midst of severe privations and in the utmost misery, which has caused them intense mental suffering and great physical pains, which damages the plaintiffs have suffered due to the fault and negligence of the defendants and which they estimate at $15,000."

The court, in deciding a new demurrer for insufficiency filed by the defendant, dismissed the complaint and taxed the plaintiffs with costs but excluding attorney's fees, by a judgment of March 26, 1935; and thereupon the plaintiffs appealed to this court.

From the record of case No. 7038 it appears that the said minors Alberto, Carmen, and Joaquín Padín Concepción, by their natural mother Modesta Concepción Cosme, brought suit against Demetrio Latoni Pecunia, and in their amended complaint alleged, in substance, that they were the owners of house No. 4 on Las Monjas Alley and house No. 70 on San Sebastián Street, both in the city of San Juan; that on

December 30, 1930, Manuel García Lago, acting as testamentary tutor, mortgaged said houses in favor of defendant to secure the sum of $8,500, and for the sum of $850 for costs; that the defendant, with knowledge that the minor plaintiffs were under the *patria potestas* of their natural mother, on May 18, 1932, brought a proceeding to foreclose the mortgage, and requested that a writ be served on the then tutor of the minors, Francisco Font Manzano, whose appointment was null, and on the minors themselves, demanding payment of $9,860 as principal, interest, and costs, without including in the proceeding the natural mother; that after said demand had been served and the amount claimed not having been paid, a public sale of the property was requested and the same was ordered to be held on July 20, 1932, on which day the mortgaged house was awarded to the defendant, as the sole bidder appearing at the auction, for $9,010; that the defendant was put in possession on July 21, 1932, after the plaintiffs had been evicted from said house at No. 70 San Sebastián Street, where they lived, and he has enjoyed the rents ever since; that on November 27, 1933, Modesta Concepción, as natural mother with *patria potestas* over her said minor sons, filed a suit in the District Court of San Juan to annul said mortgage foreclosure proceeding, which suit was decided in her favor by a judgment of October 11, 1934, which was notified to the defendant, who failed to appeal therefrom. The tenth and last paragraph of said amended complaint textually reads as follows:

"As a result of the acts done by defendant, seeking to evict the plaintiffs from the properties described in this complaint, and of all the acts mentioned in the same, the plaintiffs lost the rents of their properties during the whole period from July 21, 1932, to this date, having lived since then in the midst of severe privation in the utmost misery, which has caused them intense mental suffering and great physical pains, which damages the plaintiffs have suffered due to the fault and negligence of the defendant and which they estimate at $15,000."

The defendant filed a demurrer to the amended complaint on the ground that the same did not state sufficient facts to constitute a cause of action, and the court so decided and as it was of the opinion that the complaint was not susceptible of amendment, on March 12, 1935, it rendered judgment dismissing the same, without special imposition of costs. Feeling aggrieved by that judgment, the plaintiffs appealed to this court.

In the brief filed by the appellants, which is the same in both cases, two errors are assigned: the first claimed to have been committed in sustaining the demurrer and dismissing the complaint, and the second in imposing costs on the plaintiffs. The second can only refer to case No. 7037, for the judgment rendered in the other case did not include costs.

The grounds on which the district court dismissed the complaint are set forth in the decision which is transcribed in case No. 7038. They are as follows:

"The plaintiffs in their brief state that, as it is alleged in the complaint that in the initial petition filed in the foreclosure proceeding the defendant did not include either the plaintiffs' mother or the tutor, such an omission is tantamount to an allegation of wilful malice, which is a necessary element of the cause of action for damages, under the theory of abuse of process (citing 50 C. J., p. 614, paragraph 376). They also say that the provision to be considered in this case is not section 169 of the Mortgage Law Regulations, in connection with section 1255 of the Civil Code (1930 ed.), but section 1802 of said code, as the action brought in this case is a personal action and not a real action. They further maintain that there is not involved here an action for malicious prosecution, but a complaint based on the abusive use of a proceeding, whereby damages were maliciously caused.

"Notwithstanding this contention of the plaintiffs, it has been held in this jurisdiction, that the damages recoverable upon the amendment of a mortgage foreclosure proceeding are those prescribed by section 1255 of the Civil Code, 1930 ed., which provides that when an obligation has been adjudged void, the contracting parties shall restore to each other the things which have been the subject-matter of the contract, with their fruits, and the principal,

together with interest except as provided in the following articles of said code. Mental suffering and physical pain are not a proper element of damage in cases of annulment of mortgage foreclosure proceedings. *Pontón* v. *Succrs. of Huertas González*, 42 P.R.R. 511; 46 P.R.R. 763.

"As the plaintiffs themselves maintain that they do not exercise their action under the theory of malicious prosecution it is unnecessary for us to discuss this aspect of the case."

This Supreme Court in the case of *Pontón* v. *Succrs. of Huertas González*, 42 P.R.R. 511, indeed held as follows:

"By the tenth assignment an important question of law is raised. The assignment is formulated thus: 'The court erred in adjudging the defendant to pay damages for mental suffering.'

"The trial court in its opinion expressed itself as follows:

" 'As to the mental suffering we think that the provisions of section 1803 of the Civil Code authorize us to grant compensation for any damage caused. The legal precept is clear. Any person who by an act or omission causes damage to another by his fault or negligence shall be liable for the damage so done. Such damage must be the natural consequence of the act or omission that originates or causes it. The law protects any person who, without due process of law, is deprived of his property, and authorizes him to demand the annulment of the judicial proceeding whereby he was prematurely or improperly deprived of his property. If as a natural consequence of such deprivation material damage is caused together with mental pain and suffering, and there is proof of such injury, we think that the same can and must be compensated in accordance with the provisions of section 1803 of the Civil Code. Only in that way, by a liberal construction of the provisions of the substantive law, can there be protection in all new cases that may arise by reason of the unavoidable laws of progress.

" 'There can be no doubt that the institution of the foreclosure proceeding was a wilful act on the part of the defendant. The latter was the actor in a proceeding which the plaintiffs were powerless to defend. The occurrence which was the direct cause of the damages clearly arose from the acts of the defendant. Such acts have caused damages; which include not only those of a material nature but also those consisting in the mental pain and suffering sustained when one is deprived of his property and is called upon to discharge an obligation that has not matured and in a proceeding which one can not defend.'

"It seems advisable to add that in the preceding paragraph of its opinion the trial court considered the evidence regarding the damages alleged to have been caused to other property of the plaintiffs by reason of the mortgage foreclosure proceeding, and concluded that it did not contain sufficient elements to justify their allowance.

"We have carefully studied the question and in our judgment the district court decided it erroneously. It matters not that the complaint was entitled 'for the annulment of foreclosure proceedings, other particulars, and for damages.' The action available to the plaintiff is that established by section 169 of the Mortgage Law which binds the execution creditor to compensate the debtor or parties in interest for any damages caused to them by reason of malice or negligence in the faithful statement of the facts; and such damages are those prescribed in section 1270 of the Civil Code, that is, the restoration of the thing which has been the subject-matter of the contract together with its fruits, and of the price, together with interest thereon; or others of a like character. To apply to the instant case the provisions of section 1803 of the Civil Code would be to disregard its proper scope. See the decision of this court in *Arvelo et al.* v. *Banco Territorial y Agrícola*, 29 P.R.R. 996."

The appellant admits that if what has been decided is strictly applied to her cases, she would have no cause of action, but she maintains that the case of *Pontón, supra,* can be distinguished, and that the rule that is really applicable is the one established by this court in its later decision in *Díaz* v. *Distribuidores R. C. A. Víctor, Inc.,* 47 P.R.R. 530, strengthening the decision in the case of *Serrallés* v. *Saurí,* 44 P.R.R. 399. She says:

"In the case of *Pontón* v. *Heirs of Huertas González,* the plaintiff sought to recover damages for mental suffering within an action to annul the proceeding, in accordance with section 169 of the Mortgage Law Regulations and section 1270 of the Civil Code (1911 ed.). That is, a personal action was sought to be prosecuted within a suit or action of a real character and as a consequence and jointly with such real action.

"And this Honorable Court was justified in holding that damages for mental suffering caused by the nullity of a mortgage foreclosure proceeding could not be recovered.

"  *          *          *          *          *          *          *

"But a mortgage foreclosure proceeding can be declared null by a court and the debtor may be entitled to recover damages under the general theory of damages of the Civil Code that 'he who causes damage to another shall be liable for the damage so done,' either because the mortgage foreclosure proceeding was maliciously brought by the creditor and without probable cause, which would fall within the theory of malicious civil prosecution, or because the creditor made an illegal use of a legal proceeding in order to deprive the defendant of his property, which would fall under the theory of abuse of process. And neither of these two theories—malicious prosecution or abuse of process—has been discarded by the commentators of section 1803, by the section itself, or by the decisions of this Honorable Court, as a sufficient and legitimate cause for the recovery of damages against a foreclosing creditor. Sections 169 of the Mortgage Law Regulations and 1270 of the Civil Code do not prevent it either.

"On the contrary, this Honorable Court has definitely held in the case of *Díaz* v. *Distribuidores R. C. A. Victor, Inc.*, 47 P.R.R. 530, that 'in this jurisdiction, if a person maliciously brings a civil suit against another the latter may have a cause of action subject to certain conditions. The mere fact that the suit was filed maliciously does not alone cause an action arise. The plaintiff must allege some substantial matter of damage. In other words, there must be some averment to take the case out of the field of *damnum absque injuria.*'

"It is true that we maintained in the court below and still maintain that this is not a case of malicious prosecution, but a case of abuse of process, but even so we consider that the above-cited theory of this court strengthens our contention and that the case is applicable, especially where the theory is that of a person against whom a civil suit has been maliciously prosecuted, which also covers the field of an abuse of process."

However, it is unnecessary to decide the question raised by the appellant because even if she were right, we would always have to conclude that her complaints did not state facts sufficient to support a claim for damages for mental suffering besides the material damages already claimed in the actions for nullity.

What the complaints allege is that the defendants knew that the minor plaintiffs had a natural mother with *patria*

*potestas* over them, in spite of which they disregarded her and brought suit against the minors represented by a tutor whose appointment was a nullity. It is not even alleged that the defendants had actual, personal knowledge of such nullity.

The defendants, foreclosing creditors in the annulled proceedings, are not charged with attempting to recover fictitious debts; or with having performed any fraudulent act. It is not alleged that the failure to include the mother as a defendant in said proceedings was the result of a plan to deprive the minors of their inheritance. All that appears is that the creditors were mistaken in considering that Font, the tutor, was the true legal representative of the minors. This is not a case of malicious prosecution, as the appellants themselves admit, nor of abuse of process, as may be inferred from the only citation which on this point their brief contains, to wit:

"The gist of the tort or wrong consists in the unlawful use of a lawful process. In other words, the bad intent must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect, as where the process is perverted in the manner of its execution. . . ." 50 C. J. 614.

Under whatever aspect the case is considered, that is, whether the doctrine of the *Pontón* case is strictly applied, or whether it be admitted that there may be exceptional cases which will justify an award of damages for mental suffering caused by the prosecution of a mortgage foreclosure proceeding, we would always have to conclude that the complaints are insufficient.

Hence, the first error assigned is nonexistent. Similarly as to the second. It appears that the court in awarding costs in the case corresponding to appeal No. 7037 took into consideration the fact that the defendants were minors. Attorney's fees which generally are the most burdensome

item were not included in the costs. Whether or not we have guessed correctly the reason which the court had, the fact is that no abuse of discretion has been shown.

The judgments appealed from must be affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.